UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| ANTON D. MCDONALD | ) |
| | ) No. 4:06-cr-35/4:12-cv-8 |
| v. | ) *Judge Mattice* |
| | ) |
| UNITED STATES OF AMERICA | ) |

## **MEMORANDUM**

Anton D. McDonald ("McDonald"), a federal inmate, has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Criminal Court Doc. 49).[1] After entering a guilty plea to distribution of 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), McDonald received a 235 month sentence on January 28, 2008 (Criminal Court Doc. 47). Citing to *Bond v. United States,*[2] McDonald challenges his sentence and conviction, as the Court understands it, on the ground that neither the federal government nor the Court had jurisdiction over his case because Congress exceeded its power when it enacted 21 U.S.C. §841 (Criminal Court Doc. 49). McDonald has also filed a motion requesting appointment of counsel (Criminal Court Doc. 51).

Because McDonald's § 2255 motion is time-barred, the United States Attorney is not required to file an answer in this matter. For the reasons explained below, the Court concludes McDonald's § 2255 motion will be **DENIED** as time-barred (Criminal Court Docs. 49), his motion requesting counsel will be **DENIED** (Criminal Court Doc. 51), and this action will be **DISMISSED** in its entirety.

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

[2] 131 S.Ct. 2355 (2011).

I.   APPLICABLE LAW

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Title 28 U.S.C. 2255(f) provides, in relevant part, that the one-year limitations period for federal inmates seeking relief under this section shall run from the latest of–

  (1)  the date on which the judgment of conviction becomes final;

  (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;

  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

II.  TIMELINESS

The statute of limitations in McDonald's case began to run from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). McDonald was sentenced to a term of imprisonment for 235 months on January 28, 2008 (Criminal Court Doc. 47). McDonald did not pursue a direct appeal. When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). McDonald's judgment was entered on

February 1, 2008, and at that time Fed. R. App. P. 4(b)(1)(A) provided that a notice of appeal had to be filed within ten (10) days after entry of the judgment from which he wished to appeal. Rule 26(a) of the Federal Rules of Appellate Procedure provided that weekends and holidays were not counted in calculating the ten-day period. Therefore, under these rules, McDonald had until February 14, 2008, to file a notice of appeal.[3] Thus, the one-year statute of limitations began to run on February 15, 2008, the day after the expiration of the time for filing a notice of appeal.

McDonald had one year from the time his judgment of conviction became final to file his § 2255 motion. February 13, 2009, was the date McDonald's right to file an appeal expired. Thus, McDonald was required to file his § 2255 motion no later than February 13, 2009. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). McDonald gave prison authorities his motion for mailing on January 20, 2012 (Criminal Court Doc. 49, p. 12). McDonald's § 2255 is time-barred as it was filed almost three years after the expiration of the one-year statute of limitation for filing his § 2255 motion (Criminal Court Doc. 49).

As discussed above, normally the date on which the statute of limitations begins to run would be the date the movant's judgment became final. 28 U.S.C. § 2255(f)(1). However, the statute of limitations may also commence from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

---

[3] Pursuant to amendments that took effect in December 2009, Rule 4(b)(1)(A) now requires a notice of appeal to be filed within fourteen days after entry of the judgment. Rule 26(a)(1)(B) directs that all days be counted in calculating a period of days, including holidays and weekends, unless the last day of the period falls on a holiday or weekend.

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

McDonald contends his motion is timely filed because the limitation period did not begin to run until the date on which the right asserted was initially recognized by the Supreme Court pursuant to § 2255(f)(3), i.e., the date the Supreme rendered its decision in *Bond v. United States*. According to McDonald, the Supreme Court's *Bond* decision requires the Court to vacate his conviction and sentence or, in the alternative, he requests the Court to re-sentence him "based on the 1-to-1 crack/powder ration."[4] McDonald's reliance on *Bond* is misplaced.

*Bond* involved a direct appeal where the Supreme Court concluded a defendant, who was convicted of a federal offense, had standing to assert that Congress exceeded its power under the Tenth Amendment in enacting the applicable criminal statue. In the posture of collateral review, as McDonald finds himself, he must demonstrate *Bond* identified a newly recognized right and the newly recognized right has been made retroactively applicable to cases on collateral review in order to obtain relief here. 28 U.S.C. § 2255(f)(3). McDonald does not cite any authority, and the Court is aware of none, which has determined that this Supreme Court case upon which he relies is a new rule of constitutional law that is retroactively applicable. *See United States v. Crump*, 2012 WL 604140 (W.D.Va. Feb. 24, 2012) ("*Bond,* which held that defendant had prudential standing to challenge his statue of conviction as violating the Tenth Amendment, does not establish a right which the Supreme Court has newly recognized and made retroactively applicable to cases on collateral review[]"). Although the

---

4    Title 18 U.S.C. § 3582(c)(2) applies to requests to modify and reduce a sentence of imprisonment based on an alleged retroactive application of an amendment to the Sentencing Guidelines.

4

Supreme Court did not expressly state whether its ruling constituted a new right, even if the Court presumes *Bond* recognized a new right, there is nothing to indicate, and McDonald has not shown, that the newly recognized right has retroactive application to § 2255 motions.[5]

Going one step further and even assuming that *Bond* newly recognized the right of McDonald to challenge the statutes of his conviction under the Tenth Amendment and made that right retroactively applicable on collateral review, the Sixth Circuit has clearly upheld the constitutionality of the Controlled Substances Act under which McDonald was convicted and sentenced, thus *Bond* offers him no relief. *See United States v. Brown,* 276 F.3d 211, 214 (6th Cir. 2002) (the Comprehensive Drug Abuse Prevention and Control Act has been upheld as a valid exercise of Congress's authority under the commerce clause) (citations omitted); *United States v. Tucker*, 90 F.3d 1135, 1140 (6th Cir. 1996) (Congress's power to regulate an activity as clearly commercial as drug trafficking is not questionable); *United States v. Scales*, 464 F.2d 371, 375 (6th Cir, 1972) ("[§ 841(a)(1)] clearly constitutes a permissible exercise of Congress's powers under the Commerce Clause of the Constitution").

In light of the existing legal authority, McDonald is unable to meet the requirements under 28 U.S.C. § 2255(f)(3). Accordingly, section 2255(f)(3) is inapplicable to McDonald's case, and the statute of limitations for filing a timely § 2255

---

5  Notably, McDonald contends the Court and federal government lacked jurisdiction to prosecute him under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). *Bond* does not establish that the federal government and Court lacked jurisdiction over McDonald's federal criminal case, that McDonald's conduct did not constitute a crime, or that Congress exceeded its power when enacting the statutes underlying his guilty plea. Indeed, Federal courts have exclusive jurisdiction over offenses against the laws of the United States pursuant to 18 U.S.C. § 3231. When a federal law is violated, the permission of the state where the offender committed his crime against the United States is not a prerequisite for the United States to exercise that jurisdiction. *See United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992), *cert. denied*, 507 U.S. 929 (1993).

motion in his case expired on February 14, 2008, almost three years before McDonald filed the instant motion.

## III.  CONCLUSION

For the reasons explained herein, McDonald's motion requesting appointment of counsel will be **DENIED** (Criminal Court Doc. 51), his § 2255 motion will be **DENIED** as time-barred (Criminal Court Doc. 49), and this action will be **DISMISSED** in its entirety.

An appropriate judgment order will enter.


                                                 */s/ Harry S. Mattice, Jr.*
                                                 HARRY S. MATTICE, JR.
                                                 UNITED STATES DISTRICT JUDGE